# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

PNC BANK, NATIONAL
ASSOCIATION,

    Plaintiff,

v.                                     Case No: 5:16-cv-398-Oc-30PRL

CRAGGS CONSTRUCTION
COMPANY, THOMAS JOSEPH
CRAGGS, JR., JAMES LAURENCE
CRAGGS and PRESIDENTIAL
FINANCIAL CORPORATION,

    Defendants.

## ORDER

THIS CAUSE comes before the Court on the Plaintiff PNC Bank, National Association's ("PNC") Motion to Strike Defendant Presidential Financial Corporation's ("Presidential") Affirmative Defenses (Doc. 26), Presidential's response (Doc. 32), PNC's Motion to Strike Affirmative Defenses of Defendant Craggs Construction Company ("Craggs Construction") (Doc. 29), Cragg Construction's response (Doc. 35), PNC's Motion to Strike Affirmative Defenses of Defendant Thomas Joseph Craggs, Jr. (Doc. 30), Thomas Craggs's response (Doc. 34), PNC's Motion to Strike Affirmative Defenses of Defendant James Laurence Craggs (Doc. 31), and James Craggs's response (Doc. 33). Having reviewed these filings and the relevant law, the Court concludes PNC's motions should be denied.

On June 16, 2016, PNC filed this action regarding default on a loan agreement. (Doc. 1). The six-count complaint sues the borrower, Craggs Construction, and the

guarantors, Thomas and James Craggs, for breach and foreclosure. The action also seeks a determination that Presidential's interest in the real property, rents, and certain personal property that is subject of the mortgage and other securing agreements is subordinate to PNC's interest.

In response, all four Defendants answered the complaint and asserted affirmative defenses. (Docs. 17, 19, 20, and 21). For the first and second affirmative defenses, all Defendants alleged that PNC's claims were barred by the statute of limitations and by the doctrine of laches. Defendants Thomas and James Craggs, the guarantors, both asserted as their third affirmative defense that they are entitled to a setoff in the amount of the value of the mortgaged property if judgment is entered against them. Thomas and James Craggs both asserted as their fourth affirmative defense that collection of any judgment entered against them should be stayed pending a determination of the value of the mortgaged property. PNC moved to strike each of these affirmative defenses against all Defendants. (Doc. 26, 29, 30, and 31).[1]

Federal Rule of Civil Procedure 12(f) provides that the Court may order "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" stricken from the record. But motions to strike are a disfavored, "drastic remedy." *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002). Accordingly, motions to strike affirmative defenses are usually denied, unless: (1) the affirmative defense has no possible relation to the controversy and may cause prejudice to one of the parties, *Harvey v. Home Depot U.S.A., Inc.*, No. 8:05-cv-936-T-24EAJ, 2005

---

[1] For ease of reference, the Court will refer to Thomas and James Craggs's defenses of set-off and stay of collections as the Third and Fourth Affirmative Defense respectively.

WL 1421170 *1 (M.D. Fla. June 17, 2005), or (2) the affirmative defense fails to satisfy the general pleading requirements of Federal Rule of Civil Procedure 8, which requires a party to "state in short and plain terms its defense to each claim asserted against it." Fed. R. Civ. P. 8(b)(1); *see Muschong v. Millennium Physician Group, LLC*, No. 2:13-cv-705-FtM-38CM, 2014 WL 1268574, *1 (M.D. Fla. Mar. 25, 2014); *but see Heath v. Deans Food T.G. Lee*, No. 6:14-cv-2023-Orl-28TBS, 2015 WL 1524083, *1 (M.D. Fla. Apr. 24, 2015) (noting some division among courts in the Eleventh Circuit, but concluding that the *Iqbal/Twombly* pleading standard does not apply to affirmative defenses).

To be stricken, an affirmative defense must be insufficient as a matter of law. *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002). Even deficient defenses, to the extent that they raise relevant and substantial legal and factual questions, may survive a motion to strike. *Muschong*, 2014 WL 1268574 at *1. Denials, for example, that do not meet the technical definition of an affirmative defense, should not be stricken, but treated as specific denials. *Id.* (citing *Lugo v. Cocozella, LLC*, No. 12-80825-CIV, 2012 WL 5986775, *1 (S.D. Fla. Nov. 29, 2012)).

The Court concludes that PNC's motions should be denied in all respects. In regard to the statute of limitations defense raised by all Defendants, the Court concludes that the defense was sufficiently pled. In reaching this conclusion, the Court does not reach the merits of whether the statute of limitations bars Plaintiff's claims as that is not a proper determination to make on a motion to strike.[2] Rather, the Court concludes that the defense

---

[2] The parties are free to raise this issue in a properly briefed motion for summary judgment.

is related to the present controversy and satisfies the general pleading requirements. The same reasoning applies Defendants' defense of laches.

The Court also concludes that Thomas and James Craggs's Third and Fourth Affirmative Defenses should not be stricken. As explained above, these defenses raise relevant legal questions regarding Thomas and James Craggs's rights as guarantors that are not proper for the Court to address on the merits at this stage.

That said, the Court writes to admonish Thomas and James Craggs, and their counsel, for failing to respond to the portions of PNC's motions arguing that the Third and Fourth Affirmative Defenses should be stricken. It is of paramount importance in our adversarial system that parties timely and fully respond to motions so as to not place an unnecessary burden on the courts' limited resources. Defendants Thomas and James Craggs are warned that a failure to respond to motions or portions thereof in the future could result in this Court finding that those motions are unopposed.

Accordingly, it is therefore ORDERED AND ADJUDGED that:

1. PNC's motions to strike (Docs.26, 29, 30, and 31) are DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 1st day of November, 2016.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record